## CRIMINAL STATUTES MUST BE RESTRICTED TO THEIR DESCRIPTIVE TERMS.

Circuit Court of Cuyahoga County.

CHARLES MALATA v. STATE OF OHIO.

Decided, May 15, 1906.

*Criminal Law—Statutory Construction—Molesting or Destroying Telephone Wires Not a Violation of Law Regarding Telegraph Wires.*

1. A statute defining a crime or offense can not be extended by construction to persons or things not within its descriptive terms, though they appear to be within the reason and spirit of the statute.
2. Section 3471, Revised Statutes, does not extend the operation of Section 3461-3, Revised Statutes, so as to make the intentional injuring, molesting and destroying of telephone wires a criminal offense within the provisions of that statute.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

This proceeding in error was brought to reverse the conviction and sentence of plaintiff in error for unlawfully and intentionally injuring, molesting and destroying wires of the Cleveland Telephone Company, in violation of Section 3461-3, Revised Statutes.

This section is a part of the magnetic telegraph act (45 Ohio Laws, 34), which the state claims is made applicable to telephone lines by Section 3471, Revised Statutes. The latter section reads as follows:

"The provisions of this chapter shall apply also to any company organized to construct any line or lines of telephone; and every such company shall have the same powers and be subject to the same restrictions as are herein prescribed, for magnetic telegraph companies."

It will be observed that this section does not in terms provide that the offenses defined in this chapter with respect to telegraph property shall be construed to include like offenses with respect to telephone property. And we think the case is within the rule of *State* v. *Meyers,* 56 O. S., 340, that "A statute defining a crime or offense can not be extended, by construction, to persons or things not within its descriptive terms, though they appear to be within the reason and spirit of the statute."

This would clearly suffice to dispose of the case before us, were it not for a dictum in *Railway Company* v. *Telegraph Association,* 48 O. S., 390, 423, that "without this section (3471) making the provisions of the chapter relating to telegraph companies expressly applicable to telephone companies, we think that the term 'telegraph' as a mode of transmitting messages of communications, is sufficiently comprehensive to embrace the telephone."

Granting that this is the law with respect to the civil aspects of the legislation referred to, we can not overlook the principle that a criminal statute is not thus liberally construed, nor the fact that when Section 3461-4, Revised Statutes, was passed the telephone was wholly unknown and undreamed of. It is, indeed, a method of long distance communication analogous to the telegraph. But it is not merely a development of the telegraph. It is a novel and revolutionary invention. And statutory crimes with respect to telegraph property can not, by mere construction, be so extended as to apply to telephone property.

The indictment does not contain allegations sufficient to bring it within the purview of Sections 6863, Revised Statutes, penalizing the malicious destruction of property in general.

It follows that the judgment below must be reversed for error in overruling the demurrer to the indictment upon the ground that it alleges no punishable offense under the laws of Ohio.

The further assignments of error are in our opinion unfounded. The use of the word "misdemeanor" in Section 3461-4, Revised Statutes, to characterize a crime punishable by imprisonment in the penitentiary is not in conformity with Section 6795, Revised Statutes, distinguishing and defining felonies

and misdemeanors.    But this circumstance does not, we think,
violate the right of the party accused to be informed of the
nature and cause of the accusation against him as provided by
Section 10 of Article I of the Constitution of Ohio.    It is true
that the incidents of procedure are not altogether the same for
misdemeanors as for felonies.    But Section 3461-4 was enacted
before that distinction was defined by statute; and, except per-
haps as to the mere word itself, it is not repealed thereby, nor
is its meaning rendered fatally uncertain.    Though called a
misdemeanor when enacted, the punishment provided for the
offense is such as to bring it now within the definition of a felony.

The remaining claims of plaintiff in error we do not deem it
necessary to refute.

The judgment below is reversed and the cause remanded with
instructions to sustain the demurrer to the indictment.